FARMER, Judge,
dissenting.
I fear that the majority has gone too far in their finding of a discovery violation. This is not an instance of the state failing to disclose the identity of a witness it intends to use at trial, as in Richardson v. State, 246 So.2d 771 (Fla.1971), or even a failure to disclose the substance of what the witness told the police the defendant said.
Appellant was charged with corruption of a police officer by threatening bodily harm. The state responded to defendant’s initial demand for discovery by disclosing that police officers Maraño and Sanchez, among others, would testify as to oral statements made to them by defendant. Defendant then asked only for the substance of those statements, and the state responded with what Judge Downey has described. The trial testimony of these witnesses is also as Judge Downey has described.
As I read defendant’s discovery request and Florida Rule of Criminal Procedure 3.220(b)(l)(iii), the state is required to disclose only the substance of the statements, not a verbatim transcript. In this case, the substance of the disclosed oral statements was that the defendant would have the officers shot. The trial testimony contains the same substance, but in more specific (and colorful) detail.
A defendant is also authorized under rule 3.220(b)(l)(i) to take the deposition of certain witnesses disclosed by the state. If a defendant wants to use the prosecutorial disclosure to impeach the trial testimony of police officers testifying as to oral statements made by the defendant to the officers, the defendant should request and use the officers’ police reports or similar doc *1052 uments containing a written account of the statements. Otherwise he should take discovery depositions.
To use a Richardson inquiry as defendant sought to do here is to allow the defendant to set up a gotcha when the trial testimony is not, for it rarely is, word-for-word as it has been set down in prior accounts. It would allow convictions to be set aside for trivial or harmless differences in pre-trial statements and trial testimony. I see nothing in either the rule or in Richardson itself that justifies such preternatural exactitude. I therefore dissent.